UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 5: 19-159-DCR |
| | ) | and |
| Plaintiff/Respondent, | ) | Civil Action No. 5: 22-224-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLINT DION DAVIS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Clint Dion Davis pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  He was later sentenced to 87 months' imprisonment.  Davis has now filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Consistent with local practice, the matter was referred to a United States Magistrate Judge for preparation of a Report and Recommendation ("R & R").  At the conclusion of briefing, Magistrate Judge Edward B. Atkins issued a R & R, recommending denial of Davis's motion. The 14-day objection period under 28 U.S.C. § 636(b)(1)(C) has expired and no objections have been filed.  While the Court is not required to review the magistrate judge's conclusions in the absence of objections, it has done so and agrees with the magistrate judge's analysis and recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 153 (1985).

Attorney Elizabeth Hughes represented Davis before the district court level and on appeal.  He now argues that her representation was constitutionally ineffective for a variety of reasons.  However, Davis's claims that his guilty plea was involuntary and that Hughes provided him an erroneous estimation of his sentencing exposure are foreclosed by the

- 1 -

thorough colloquy that occurred at his change-of-plea hearing.  As the magistrate judge explained, Davis affirmed under oath that his guilty plea was his own choice.  He further acknowledged that no one, including his attorney, could know his sentencing guidelines range until after his presentence investigation report was prepared.

Regardless, an attorney's inaccurate prediction about a possible sentence generally does not constitute deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Elliott*, 2011 WL 1793384, at *5 (E.D. Ky. May 11, 2011); *Gleason v. United States*, 2010 WL 1629943, at *14 (S.D. Ohio Apr. 12, 2010) ("[T]he Rule 11 colloquy, which advises the defendant of the minimum and maximum imprisonment range under the statute and provides other necessary information about the Guidelines sentencing process, eliminates any arguable prejudice from an earlier estimate by counsel.").  Accordingly, there is nothing to suggest that this aspect of counsel's performance fell below an objective standard of reasonableness or that the defendant was prejudiced by it.

Next, Davis has not shown that Hughes was ineffective for failing to file a motion to suppress because such a motion would not have succeeded.  *See United States v. Thomas*, 38 F. App'x 198, 203 (6th Cir. 2002) (citing *Worthington v. United States*, 726 F.2d 1089, 1093-94 (6th Cir. 1984)).  Lexington Police Department Detective Logan Stricker testified at Davis's sentencing hearing that he and Detective Pope conducted a traffic stop of a white Nissan Altima after it was seen leaving a suspected drug trafficking premises.  The officers observed the vehicle turning without using a signal and "roll[ing] through [a] stop sign."  [Record No. 43, p. 5]  The driver, Sidney Woods, advised officers that the Altima was a rental car.  When Davis, the passenger, opened the middle console to search for the rental agreement, Stricker

observed several plastic baggies, one of which contained a white substance Stricker believed to be cocaine.

The officers had Woods and Davis exit the vehicle at that time.  Detective Pope asked Davis if he had any weapons and Davis admitted that he had a pistol on his hip.  Pope recovered a loaded .40 caliber Sig Sauer handgun from Davis's front waistband.  *Id.* at 7.  Police ultimately retrieved a significant quantity of controlled substances from the car, including baggies containing pills and marijuana in the console.

Davis does not argue that the traffic infractions leading to the stop did not occur.  He simply contends that they were a pretext for the stop and that the officers' actual motivation was to find evidence of drug trafficking.  But it is well established that the "constitutional reasonableness of traffic stops" does not depend "on the actual motivations of the individual officers involved."  *Whren v. United States*, 517 U.S. 806, 813 (1996).  Once a vehicle has been lawfully stopped, an officer may direct the driver and/or passengers to exit the subject vehicle pending completion of the stop.  *Maryland v. Wilson*, 519 U.S. 408, 415 (1997).  Davis does not contest Pope's testimony that he admitted to Pope that he was carrying a pistol.  Accordingly, he has not identified any grounds upon which Ms. Hughes could have based a successful motion to suppress.

Davis also contends that Hughes was ineffective for failing to argue in favor of mitigating circumstances at sentencing—specifically, the death of his father.  Davis has not explained why this fact should have been considered as a mitigating circumstance, since his father passed away following entry of Davis's guilty plea.  Regardless, counsel did discuss this issue at sentencing, as well as Davis's support from other family members.

- 3 -

Davis's argument with respect to a third level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) is equally unavailing.  This guidelines provision clearly provides that an additional reduction may be awarded "upon motion of the government."  Further, Davis fails to make a compelling argument that Hughes should have asked the government to file such a motion.  The conduct qualifying for a decrease under § 3E1.1(b) occurs at a sufficiently early point so the United States may avoid the time and expense associated with trial preparation.  Here, Davis filed a motion for re-arraignment only four days prior to trial, so any such request by Hughes necessarily would have been futile.

Finally, Davis argues that his conviction under § 922(g) is unconstitutional because the Second Amendment guarantees all citizens the right to bear arms.  But as the magistrate judge thoughtfully explained, this guarantee is not without its limitations.  Davis relies on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which held New York's concealed carry law unconstitutional.  However, *Bruen* did nothing to change the prohibition on the possession of firearms by felons, which remains well-settled law.  *See District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *United States v. Khami*, 362 F. App'x 501, 507-08 (6th Cir. 2010); *United States v. Goins*, --F.Supp.3d--, 2022 WL 17836677 (E.D. Ky. Dec. 21, 2022).

Davis also filed a motion seeking copies of court records and other discovery documents.  As noted by the magistrate judge, Davis tendered a 43-page memorandum in support of his § 2255 motion in which he articulated detailed, well-developed arguments.  It is unclear why he would need additional records or how they would be utilized.  Further, an evidentiary hearing is unnecessary because the issues raised by Davis can be resolved based on the record—largely the transcripts of Davis's re-arraignment and sentencing hearings.

Davis has not raised any credibility issues or otherwise demonstrated that a hearing would be helpful in addressing the issues raised in his § 2255 motion.

Next, issuance of a certificate of appealability is not warranted in this case. *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only when the defendant makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy that burden, Davis must show that reasonable jurists could debate whether the motion should have been resolved differently or that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not debate the conclusions reached regarding Davis's motion for collateral relief. Davis's exchange with the Court during his re-arraignment hearing forestalls the majority of his ineffective-assistance claims. Further, he has not identified any basis upon which his trial counsel could have filed a colorable motion to suppress. He has also failed to identify any alleged errors by counsel that could have affected the length of his sentence. Finally, Davis has not identified any legal support for his argument that his conviction under 18 U.S.C. § 922(g) is unconstitutional.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.      The Report and Recommendation of the United States Magistrate Judge [Record No. 69] is **ADOPTED** and **INCORPORATED** here by reference.

2.      The defendant/movant's motion for discovery [Record No. 56] is **DENIED**.

3.      The defendant/movant's motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 [Record No. 54] is **DENIED**.  His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

4.      A Certificate of Appealability will not issue.

Dated: January 24, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky